### SNELLING v. WHITEHEAD, Commissioner of Patents.

(Court of Appeals of District of Columbia. Submitted December 7, 1920. Decided January 3, 1921.)

No. 3380.

1. **Patents ⚏106(2)—Claim of abandonment can be adjudicated in interference proceeding.**

While the question of patentability will not be considered by the Court of Appeals in an interference appeal, the question of abandonment by one applicant is always available as affecting his right to priority.

2. **Injunction ⚏75—Conduct of interference proceeding by Commissioner of Patents cannot be controlled.**

Under Rev. St. § 4904 (Comp. St. § 9449), providing for the declaration of an interference by the Commissioner of Patents, and the other statutes and rules having the force of statute, prescribing the procedure on

⚏For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

interference, an injunction to restrain the Commissioner of Patents from further proceeding with an interference and to require the striking of certain orders made therein would control actions of executive officer in matters committed by law to his discretion, and injunction will not issue for that purpose.

**3. Injunction ☞75—Will not issue where there is adequate remedy by appeal in interference proceeding.**

An injunction to control the Commissioner of Patents in interference proceedings will not issue, where plaintiff's claim is based on alleged abandonment by another party to the interference, so that there is an adequate remedy at law by appeal in the interference proceeding

Appeal from the Supreme Court of the District of Columbia.

Suit by Walter O. Snelling against Robert F. Whitehead, Commissioner of Patents, for a mandatory injunction. Decree for defendant, and plaintiff appeals. Affirmed.

F. D. McKenny, J. S. Flannery, and G. B. Craighill, all of Washington, D. C., for appellant.

R. F. Whitehead and L. B. Mann, both of Washington, D. C., for Commissioner of Patents.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below, filed a bill in equity in the Supreme Court of the District of Columbia against the defendant, as Commissioner of Patents, praying a mandatory injunction to restrain defendant from proceeding further with an interference proceeding pending in the Patent Office, and to require defendant to strike from the files pertaining to said interference certain orders made therein, to discontinue further proceedings in connection with said interference, to reject without further hearing the application for a patent filed May 18, 1915, by one Walter F. Rittman, and for general relief.

Defendant made return to the rule and filed a motion to dismiss the bill for (a) want of equity; (b) want of jurisdiction to control the action of defendant Commissioner in matters involving the exercise of official judgment and discretion; and (c) because plaintiff has an adequate and complete remedy provided by law.

It appears that Rittman filed an application for a patent on May 1, 1915, and requested that the patent be granted thereon without requiring the payment of the fee as provided by the act of Congress of March 3, 1883 (22 Stat. 625 [Comp. St. § 9441]), authorizing the issuance of a patent to any officer of the government, other than officers and employees of the Patent Office, without the payment of any fee, provided that the applicant state in his application:

"That the invention described therein, if patented, may be used by the government or any of its officers or employees in the prosecution of work for the government, or by any other person in the United States, without payment to him of any royalty thereon, which stipulation shall be included in the patent."

Thereafter, pursuant to certain correspondence set out in the bill, the fee was paid on March 15, 1915, and the application was filed as

of that date. On May 18, 1915, Rittman filed a second application, paid the fees thereon, and made no reference therein to the act of 1883. The interference here sought to be restrained is a tri-party proceeding, in which Brooks, Bacon and Clark, who filed March 26, 1915, were made senior parties; Rittman, the intermediate party, and appellant, who filed November 20, 1916, the junior party. In this situation, Rittman, in view of his application of March 15, 1915, moved to shift the burden of proof with respect to Brooks, Bacon and Clark. The motion was sustained by the Examiner of Interferences, and, on appeal, affirmed by the Commissioner. It may be suggested that it is not apparent just how appellant could be affected by this shift in the burden of proof; since, in any event, he retains his position as the junior party, due to his later filing date.

[1] It is insisted, however, that Rittman, by his attempted dedication of his patent to the government thereby abandoned it and forfeited any right to continue in the interference. The refusal of the Commissioner of Patents to treat Rittman's application as abandoned does not, as appellant assumes, go to the patentability of the invention in issue. While the question of patentability will not be considered by this court in an interference appeal, the question of abandonment is always available as affecting the right of priority. Hence, there is nothing of which appellant complains that cannot be adjudicated by this court on an appeal in the interference proceeding.

[2, 3] When two or more parties apply for the same invention, provision is made for the declaration of an interference by the Commissioner of Patents. Rev. Stat. § 4904 (Comp. St. § 9449). The procedure for taking testimony, trial and appeal through the tribunals of the Patent Office to this court is provided by statute or rules which have the force of statute. It therefore follows that to grant the injunctive relief here sought would amount to controlling the actions of an executive officer in matters committed by law to his discretion. It is settled by an unbroken line of decision that neither injunction nor mandamus will lie for this purpose. Nor can these extraordinary remedies be invoked when, as here, the aggrieved party has an adequate and complete legal remedy.

The decree is affirmed, with costs.

Affirmed.